IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02504-LTB-KMT

STEVEN FRANCIS,

     Plaintiff,

v.

STEVEN PELICAN, ESQUIRE #3035,

     Defendant.

_____

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya, Magistrate Judge**

     This matter comes before the court *sua sponte* on Plaintiff Steven Francis's failure to respond to the court's order to show cause and failure to prosecute this civil action. Pursuant to the Order of Reference dated December 4, 2007 [Doc. No. 2], this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine any pretrial matter which has been or will be presented in this case . . ." and to conduct hearings and to submit recommendations for consideration of the District Court any motion "to award injunctive relief, to award judgment on the pleadings, to grant summary judgment, or to dismiss the entire action involuntarily." *Id.*

     Proceeding *pro se*, Mr. Francis commenced this action on November 30, 2007, filing a document entitled "Libel of Review" [Doc. No. 1]. A motion to dismiss was filed by the defendant, Steven Pelican, a Colorado state judicial officer, on December 26, 2007, which remains pending. [Doc. No. 6]. Plaintiff has not responded to the motion. The case was re-

assigned to a new Magistrate Judge and a Scheduling Conference was held on March 21, 2008 as was attended by Mr. Francis and counsel for Judge Pelican. [Doc. No. 14]. At that time, a status conference was scheduled for May 14, 2008. The defendant filed a status report on May 6, 2008 indicating difficulty in reaching the plaintiff, stating he had not had any contact with Mr. Francis since the Scheduling Conference. [Doc. No. 20]. The status conference was re-scheduled by Minute Order [Doc. No. 19] to June 6, 2008. The Minute Order was mailed to the plaintiff, Steven Francis, at P.O. Box 972, Palmer Lake, CO 80133 on May 6, 2008. On May 30, 2008, the court received a copy of the Minute Order [Doc. No. 19] back from Mr. Francis. On the face of the Minute Order was written in large handwriting, "Refuse for Cause." [Doc. No. 21]. The envelope in which the "Refuse for Cause" missive was sent indicated in the return address portion of the upper left-hand corner, "Steven Francis, P.O. Box 972, Palmer Lake, Colorado. [80133]" The document was sent via United States Postal Service Registered Mail, # RA 028 354 723 US. Mr. Francis failed to appear at the June 6, 2008 status conference and has not contacted this court since that time.

This court issued an Order to Show Cause Minute Order on June 11, 2008 [Doc. No. 25] in which it ordered the plaintiff to, on or before June 20, 2008, show cause in writing if any he has why the Complaint/"Libel of Review" should not be dismissed for failure to appear at the June 6, 2008 Status Conference and failure to comply with the court's Minute Order [Doc. No. 19], the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. Plaintiff has failed to respond to the order to show cause.

Even when a plaintiff is proceeding in a case without an attorney, each plaintiff bears the responsibility of complying with court orders and attending hearings. Since the plaintiff has failed to respond to the order to show cause, the court must consider whether a dismissal pursuant to Fed. R. Civ. P. 41 is appropriate. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2369, at 576-77 & n.1 (3d ed. 2008).

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides,

> [o]n motion or on its own, the court may issue any just orders, . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

It is therefore

**RECOMMENDED** that the Prisoner Complaint and the action be dismissed without prejudice for Plaintiff's failure to comply with the court's order.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United*

*States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge